UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>            Plaintiff,<br><br>-v-<br><br>OLD REPUBLIC INSURANCE COMPANY, *et al.*,<br>            Defendant. | )<br>)<br>)<br>)   No. 1:19-cv-653<br>)<br>)   Honorable Paul L. Maloney<br>)<br>)<br>) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This lawsuit involves a dispute between insurance companies over which should bear responsibility for personal injury protection benefits for injuries sustained in an auto accident. Plaintiff State Farm filed a motion for summary judgment. (ECF No. 28.) The Court referred the motion to the Magistrate Judge. The Magistrate Judge issued a report recommending the Court deny Plaintiff's motion. (ECF No. 34.) Plaintiff filed objections. The Court will adopt the report and recommendation.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are *specific* are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court concludes Plaintiff's objection does not meet the specificity requirements to merit a *de novo* review. Rather than using the Report and Recommendation as the starting point for objections and addressing the findings of fact and conclusion of law therein, Plaintiffs simply added several small paragraphs to its motion for summary judgment and filed the document as its objection. Plaintiff added one question to the "Statement of Questions Presented." (*Compare* ECF No. 28 MSJ PageID.665 *to* ECF No. 37 Obj. PageID.1157.) Plaintiff added one sentence to its introduction (*compare* MSJ PageID.667 *to* Obj. PageID.1159), a paragraph to the standard of review (*compare* MSJ PageID.669 *to* Obj. PageID.1161), and a one-sentence paragraph to the conclusion (*compare* MSJ PageID.676 *to* Obj. PageID.1168).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention

> on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Plaintiff clearly intends to object to Magistrate Judge's conclusion that VPSI was not in the business of transporting passengers for the purpose of Michigan Compiled Law § 500.3114(2). That issue, however, is the ultimate dispute in this case. And, the resolution of that issue involves both questions of law (statutory interpretation) and applications of a fact-based test (primary purpose/incidental nature). Plaintiff's "objection" does not *specifically* identify any particular error in the Magistrate Judge's findings of fact, in his conclusions of law, or in his application of the law to the facts. Rather, Plaintiff repeats, word-for-word, the arguments made in the motion for summary judgment. "A general objection to the entirety of the magistrate judge's report has the same effects as would a failure to object." *Howard*, 932 F.2d at 509.

Accordingly, the Court **ADOPTS** as its Opinion the Report and Recommendation. (ECF No. 34.) The Court **DENIES** Plaintiff State Farm's motion for summary judgment. (ECF No. 28.) **IT IS SO ORDERED.**

Date:   September 20, 2021                                          /s/  Paul L. Maloney
                                                                                    Paul L. Maloney
                                                                                    United States District Judge